## REYNOLDS, BYRNE & CO. *vs.* YARBOROUGH.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

Where parties enter into an obligation, containing a penalty of seven thousand dollars, for the faithful payment of a sum not exceeding five thousand dollars, at a particular time, on failure of the principal to comply, the surety will only be bound for the principal sum stipulated to be paid, and not the penalty.

The penal clause in the obligation, is the compensation for the damages the creditor sustains, by the *non-execution* of the principal obligation.

But damages due for the *delay* in the performance of an obligation to pay money, are called interest.

Conventional interest, whether stipulated in *eo nomine,* or in the shape of a penalty, cannot exceed *ten per cent.*

In an action to recover damages, for the non-performance of a contract, proof of putting the party *in morâ,* by a special demand, must be made.

In an action to recover the principal sum, and to enforce the performance of the primary obligation in a contract, the commencement of suit, puts the defendant in default, in relation to damages.

The plaintiffs institute suit on an obligation, signed by one John Bostwick, as principal, and Stephen Yarborough, as surety, in which they acknowledge themselves indebted to the plaintiffs, in the sum of seven thousand dollars, conditioned for the faithful payment of five·thousand dollars, or such sum, not exceeding that amount, as the defendant Bostwick may be indebted to the plaintiffs, at the end of twelve months, in consequence of endorsements or advances made, and credits given to him, in the course of business.

WESTERN DIST
*August*, 1834.
REYNOLDS ET AL.
*vs.*
YARBOROUGH.

The plaintiffs allege, that at the end of twelve months, there was a balance due to them from Bostwick, of five thousand six hundred and eighty-six dollars eighty-five cents, according to an annexed account; that this sum has been amicably demanded of Bostwick, and of Yarborough, who have neglected and refused to pay it, by reason of which they are liable on their said bond, and bound to pay the sum of seven thousand dollars, for which they pray judgment *in solido* against the principal and surety; or for the sum of five thousand six hundred and eighty-six dollars and eigty-five cents, the amount due on said account.

The defendants pleaded a general denial; and the defendant Yarborough denied that he had been notified, of the failure of Bostwick to perform the conditions of the obligation sued on, or that he had any knowledge of such failure or refusal, until after commencement of suit.

The district judge, considering the account as proved on the trial, rendered judgment on the minutes, for nearly the sum claimed in the account, amounting to five thousand six hundred and twenty dollars sixty-three cents, with interest, against both defendants.

The counsel for the defendants moved for a new trial, on the following grounds :

1. Because the case was illegally and improperly set for trial.

2. The court erred in rejecting the application for a trial by jury.

3. The judgment is contrary to law and evidence.

The court ordered the motion for a new trial to be overruled ; and the judgment to be so amended, as to stand against Yarborough for five thousand dollars, with interest and costs. From this judgment, so far as it relates to Yarborough, the plaintiffs appealed.

In his answer to the appeal, Yarborough alleges error, on the ground that he was not put in default, and consequently, no legal judgment could be rendered against him, and for which he prays a reversal.

*Turner,* for the plaintiffs, contended that the defendant could not have the judgment reversed, because he did not appeal from it ; and also on the ground of having lost the opportunity of doing so, by not filing his answer to the appeal, in the time prescribed by law.

3. The appellee is required to file his answer, on the return day of the appeal, or within three days thereafter, which he failed to do. *Code of Practice,* 591, 896.

3. The judgment must be reversed, because the obligation of the defendant, binds him for the full amount of the penalty of seven thousand dollars, and for any amount under that sum, which the plaintiffs in pursuance of their agreement, had advanced, disbursed, or became in any way liable for, to Bostwick. This sum is proved to be five thousand six hundred and ninety-five dollars seventy-four cents, exclusive of one hundred and forty-four dollars and fifty cents, commissions, &c.

4. The District Court had no right to change the judgment against the plaintiffs, and in favor of the defendants, after it had once been rendered. *Code of Practice,* 517, 518.

5. The defendant is not entitled to notice on this principle. A person not a party to a bill, cannot complain of the want of notice, unless he can show that it has done him a prejudice, *Bailey on Bills,* 185, *note* 114. *Chitty on Bills,* 204.

*Saunders,* for the defendant.

*Bullard, J.,* delivered the opinion of the court.

WESTERN DIST.
August, 1834.

REYNOLDS ET AL.
vs.
YARBOROUGH.

The plaintiffs sue on a bond signed by John Bostwick as principal, and the present appellee, Yarborough as security, by which they engage to pay the plaintiffs seven thousand dollars. In the condition of the bond, it is recited that, " whereas the said Reynolds, Byrne & Co., have agreed to furnish and advance sums of money to the said John Bost-wick, and to endorse notes for him, and to accept his bills, &c., not exceeding five thousand dollars, provided that the said Bostwick would obtain the said Stephen Yarborough to consent and agree to become his security, jointly and several-ly with him, binding themselves to secure and save harmless, the said Reynolds, Byrne & Co., against any balance, that at the end of twelve months may be due to them, to the extent of five thousand dollars." The parties then agree, that if at the expiration of the year, there should be no balance due, or if Bostwick shall pay any such balance or release the plaintiffs from their liabilities, then the obligation to be void; else to remain in full force and virtue.

The plaintiffs allege, that at the expiration of the year, there was a balance due them by Bostwick of five thousand six hundred eighty-six dollars and eighty-five cents, and they pray a judgment *in solido,* either for the penal sum of seven thousand dollars, or the aforesaid balance in the alternative.

Judgment was rendered against Bostwick for the whole balance due, with interest and costs. The parties appear to suppose, that the judgment below was only for five thousand dollars against the security; but on examining the record, it appears that although, after rendering the judgment against both for the whole amount, the judge, before signing it, directed it to be amended, so as to restrain the liability of the security to five thousand dollars; yet probably by a clerical mistake the judgment was ultimately signed, and so appears before this court, against both parties *in solido,* for the whole balance, with interest at ten per cent. and costs.

The plaintiffs appealed from so much of the judgment as relates to the defendant Yarborough, and insist before this

WESTERN DIST.
*August*, 1834.

REYNOLDS ET AL.
*vs.*
YARBOROUGH.

Where parties enter into an obligation containing a penalty of seven thousand dollars, for the faithful payment of a sum not exceeding five thousand dollars at a particular time, on failure of the principal to comply, the surety will only be bound for the principal sum stipulated to be paid, and not the penalty.

The penal clause in the obligation, is the compensation for the damages the creditor sustains by the *non-execution* of the principal obligation.

But damages due for the *delay* in the performance of an obligation to pay money, are called interest.

Conventional interest whether stipulated in *eo nomine* or in the shape of a penalty, cannot exceed *ten per cent.*

court, that the defendant is bound for the seven thousand dollars, or any less sum, which the plaintiffs had advanced under the agreement.

The appellee answers, that there is no error to the preju-. dice of the appellant, but he prays that the judgment may be reversed, principally on the ground, that he had not been put legally in delay, before the inception of the suit.

The first question, therefore, is, whether the liability of the security was limited to the sum of five thousand dollars by the contract. It seems to us clear, that the plaintiffs did not obligate themselves to advance more than that sum, and that the security did not engage to guarantee the principal for more. Indeed it is formally declared, that he " engages to secure and save harmless the said Reynolds, Byrne & Co., against any balance that at the expiration of the year, may be due to them *to the extent of five thousand dollars*." But it is contended, that the plaintiffs are entitled to recover the whole seven thousand dollars. This appears to us to be an obligation with a penal clause. The primary obligation of the security was to pay the balance which might be due, not exceeding five thousand dollars, and the penalty was the sum of seven thousand dollars. *La. Code, art.* 2113.

" The penal clause is the compensation for the damages which the creditor sustains by the non-execution of the principal obligation." *La. Code, art.* 2121.

" The damages due for delay in the performance of an obligation to pay money, are called interest." *La. Code, art.* 1929.

It is further provided by the Code, that conventional interest cannot exceed ten per cent. When the parties are silent as to the interest or damages for the non-payment of money, the law fixes it at five per cent. in contracts with individuals, and in those with banks, at the rate established by their charters. But conventional interest, whether stipulated in *eo nomine* or in the shape of a penalty, cannot exceed ten per cent.

This brings us to examine the defence set up by the appellee, that the plaintiffs are not entitled to recover any

thing in this suit, because he had not been put legally in default.

In an action to recover damages for the non-performance of a contract, proof of a putting of the party *in morâ*, by a special demand, was holden by this court, in the case of *Erwin* vs. *Fenwick*, to be a prerequisite to the recovery of any damages. 6 *Martin*, *N. S.* 229.

The obligor may be put in default in three different ways: 1st. By the terms of the contract, when it is specially agreed, that the party failing to comply, shall be deemed to be in default, by the mere act of his failure. 2d. By the act of the party; and, 3d. By the operation of law.

Among the acts of the party, by which the obligor may be put in default, is a demand made by the commencement of a suit; that is, as we understand it, a suit to enforce the principal obligation, and not one merely for damages for its non-performance. If then, this suit is instituted to recover the principal sum, to enforce the performance of the primary obligation of the contract, or in lieu thereof to recover the stipulated penalty, the commencement of the suit itself, puts the defendant in default, in relation to damages.

According to these principles, if the judgment had been signed as it was directed to be amended, it would have been fully sustained by the law and the evidence; but as this judgment comes before us in such a form, as we think it ought not to stand, it must be reversed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, as relates to the defendant Yarborough, be reversed, and proceeding to render such judgment as ought, in our opinion, to have been given below, it is further adjudged and decreed, that the plaintiffs recover of the said defendant Yarborough, *in solido*, with his co-defendant, the sum of five thousand dollars, with costs of the District Court, and that the costs of the appeal be borne by the appellants.